Gabrielli, J. (concurring).
We find it necessary to concur in result, only because we do not agree with the majority that the testimony of the complainant’s teacher was properly received. While we conclude that the error was not prejudicial in this case and does not require a new trial, the introduction of the teacher’s testimony nevertheless violated fundamental tenets of the law of evidence. The exception to those rules which the majority attempts to fashion is unjustified in the instant case and permits a proponent to unfairly bolster the *51 credibility of his witness prior to impeachment, if such there be.[1]
The issue of a person’s competency to be a witness, as is the case for the admissibility of evidence in general, is a question for the court rather than the trier of fact (see, generally, 2 Wigmore, Evidence [3d ed], § 487, pp 523-524; Richardson, Evidence [10 ed], § 389, p 368; Fisch, NY Evidence, § 258, p 142; McCormick, Evidence [2d ed], § 70, p 150). It is in this regard that the authorities uniformly hold that the court may examine not only the prospective witness but any other person who may testify as to the witness’ competency (see Richardson, op. tit, p 368, and cases cited therein). At no point, however, does the issue of competency to take the oath become an issue of fact for the jury. This is made clear by the very section of Professor Wigmore’s treatise on evidence relied upon in the majority opinion, in which it is plainly indicated that "[t]he preliminary determination of capacity is for the judge, not the jury * * * and it is therefore an improper practice for the judge to leave the testimony provisionally to the jury, to be rejected by them if found ineligible according to legal standard; the jury have nothing to do with the preliminary questions of admissibility” (2 Wigmore, op. tit., § 497, p 590). The issue of competency, of course, intersects that of credibility and evidence relating to the former may also be admissible with reference to the latter. However, in the absence of an attack upon credibility, the proponent may not introduce evidence sustaining or bolstering a witness’ credibility (see, generally, 4 Wigmore, op. tit., § 1104, p 174; Fisch, op. tit., §§ 489, 492, pp 287-288; McCormick, op. tit., § 49, p 102, and cases cited in n 73 therein). In the instant case, the complainant’s teacher was permitted to testify in the presence of the jury as to the witness’ competency to testify, her mental capabilities and her nonaggressive classroom behavior before the complainant herself even took the witness stand and thus, before her credibility or character ever became an issue in the case.[2] Testimony of the complainant’s classroom behavior amounted to testimony of good character which may not be introduced until the witness’ character or reputation has been *52 impeached (see 4 Wigmore, op. tit, § 1104, p 174). This testimony was neither restricted by the Trial Judge nor limited to "objective” matters. Parenthetically, it should be noted that defense counsel properly objected to the presentation of the witness when the latter took the witness stand and moved for a mistrial following the direct testimony of the teacher-witness. The majority’s startling and novel suggestion, that the objection to the testimony of the complainant’s teacher should have been made at the time of the prosecutor’s opening remarks when he named the witnesses he would produce (p 49), is both unreasonable and unsound. The proper, and indeed the only, time for objection to be made to a witness is when that witness is called and his testimony formally offered (see 1 Wigmore, op. tit, § 18, p 323; Fisch, op. tit, § 19, pp 9-10; Richardson, op. tit, § 537, p 529). To require objection to a witness’ proposed testimony to be made during the proponent’s opening remarks would place an unfair burden on the adversary and require determination of the objection at a most premature stage of the trial.
An exception to the general rule may be desirable in the case of an individual with a physical or mental impediment resulting from conditions such as spasticity, deafness, stroke or other physical or mental causes which affect the ability of the witness to articulate and communicate. In such a case, where the court finds that the ability to communicate is impaired, it may in its discretion permit evidence explaining the nature of the impediment to go before the jury. However, the exception should not be so broad as to include a case such as this where the impediment relates to the ability of the witness to understand and comprehend the nature of the oath, and goes to the very heart of the issue of competency to take the oath, which, as we have noted, is for the court alone to decide. Testimony as to "cognition” or the complainant’s "faculties”, as the majority terms it, is unrelated to the ability of the witness to communicate. Here the complainant’s difficulty in testifying was not a result of a physiological impairment of the ability to communicate but was caused by mental retardation affecting her knowledge of the difference between truth and falsity and, hence, her understanding of the nature of the oath.
Even assuming arguendo the applicability of the majority’s proposed exception to the established rules of evidence in this case, the testimony went far beyond an explanation of the *53 witness’ difficulty in communicating to include evidence of classroom behavior tending to bolster the witness’ credibility. Furthermore, and of great significance, the court provided no limiting instructions to the jury, either at the time objections were made or in the charge, indicating that the evidence offered via complainant’s teacher was being received for the limited purpose we have deemed proper.
Chief Judge Breitel and Judges Jones, Fuchsberg and Cooke concur with Judge Jasen; Judge Gabrielli concurs in result in a separate opinion in which Judge Wachtler concurs.
Order affirmed.

. Here we are not dealing with a constitutional question (cf. People v Reed, 40 NY2d 204).

. The witness testified that the complainant "sits quietly in class”, was "very pliable, never been any difficulty in high school” and "never had any difficulties with other students physically”.